**1215 Avenue "M" Tenants Corp., Dion Fotolopos, Tom Bauer, and Sylvia Anker, Defendants.[1]**

**No. 05–6327–cv.**

United States Court of Appeals, Second Circuit.

Aug. 14, 2006.

**Alexandru G. PAVEL, Plaintiff– Counter–Defendant– Appellant,**

**v.**

**PLYMOUTH MANAGEMENT GROUP, INC., Defendant–Counterclaimant– Appellee,**

1. We direct the clerk to change the official caption to comport with this decision.

Alexandru G. Pavel, pro se, Brooklyn, N.Y., for Plaintiff–Appellant.

Bruce Feffer, Bruce Feffer & Associates, LLC, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Appellant Alexandru G. Pavel, *pro se*, appeals the judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge)* entered on October 20, 2005, dismissing his complaint, in which he claimed that Plymouth Management Group, Inc., had terminated him from his position as the superintendent of a residential building, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12117; New York's Human Rights Law, N.Y. Exec. Law § 296; and

New York City Administrative Code, §§ 8–107, –502. We assume familiarity with the facts and the issues on appeal.

We review the District Court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate "only if the record indicates that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R.Civ.P. 56(c)). When the nonmoving party will bear the ultimate burden of proof at trial, the moving party's burden is satisfied if it can point to an absence of evidence to support an essential element of the non-moving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party has carried its burden, we must determine whether the nonmoving party has adduced sufficient evidence to defeat summary judgment. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir.1995).

### ADEA Claim

■ "To establish a prima facie case of age discrimination under the ADEA, a claimant must demonstrate that: 1) he was within the protected age group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under 'circumstances giving rise to an inference of discrimination.'" *Terry v. Ashcroft*, 336 F.3d 128, 137–38 (2d Cir.2003) (quoting *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir.2001).) Pavel does not challenge the District Court's dismissal of his ADEA claim on the basis that he was not qualified for the job of superintendent. Thus, any claim to the contrary is deemed waived as a result of his failure to raise the issue in his appellate brief. *See LoSacco*

*v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995).

■ Even if not waived, Pavel failed to demonstrate that Plymouth fired him because of his age. The evidence submitted in support of the summary judgment motion and in opposition thereto demonstrates that the only times that Plymouth shareholders made any comments regarding Pavel's age were in response to Pavel's complaints that he could not complete certain tasks as a result of his age and/or poor health. *See Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir.1998) (stating that "stray comments" without "other indicia of discrimination" are insufficient to establish a prim facie case). Indeed, none of those comments appear to be derogatory, and Pavel has submitted no evidence indicating that Plymouth has a history of firing employees based on their age. Thus, the District Court properly granted Plymouth's motion for summary judgment with respect to Pavel's ADEA claim.

### ADA Claim

"The ADA provides that '[n]o [employer covered by the Act] shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Buckley v. Consol.Edison Co. of N.Y., Inc.*, 155 F.3d 150, 153–54 (2d Cir. 1998) (en banc) (quoting 42 U.S.C. 12112(a)). To be subject to the terms of the ADA, the defendant must be an "employer," which, under the statute, is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in

the current or preceding calendar year." 42 U.S.C. § 12111(5).

■ Contrary to Pavel's claim, "the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." *Walters v. Metro. Educ. Enters., Inc.,* 519 U.S. 202, 206, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997). In the present case, Plymouth submitted evidence that it had not employed 15 or more employees (*i.e.,* affidavits from Plymouth officials and the company's payroll tax returns), and Pavel failed to submit rebuttal evidence sufficient to create a material question of fact as to the number of employees who had worked for Plymouth. Thus, the District Court properly granted Plymouth's motion for summary judgment with respect to Pavel's ADA claim.

### Remaining Claims

■ Contrary to Pavel's claim, the right to assistance of counsel guaranteed in criminal cases does not apply in civil cases. *See United States v. Coven,* 662 F.2d 162, 176 (2d Cir.1981). Additionally, Pavel was not denied his right to a jury trial. "[W]here no issue of fact remains, summary judgment decides only questions of law and does not deprive the losing party of its jury trial right." *Benjamin v. Traffic Executive Ass'n E.R.R.,* 869 F.2d 107, 115 n. 11 (2d Cir.1989), (quoting *Itel Capital Corp. v. Cups Coal Co., Inc.,* 707 F.2d 1253, 1261 (11th Cir.1983)). Lastly, any claim that Pavel raised in the District Court regarding alleged mistreatment due to his religious beliefs is waived due to his failure to raise it in his appellate brief. *See LoSacco,* 71 F.3d at 92–93.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**. Pavel's motion to reverse the District Court's decision repeats the arguments set forth in his brief. Accordingly, it is **DENIED** as moot.